UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FOR MYERS DIVISION

TERRENCE & DONNA
SCHWINGHAMMER,

    Plaintiffs,

vs.                                              CASE NO.:

MONARCH NATIONAL INSURANCE
COMPANY,

    Defendant.
_____/

**<u>PLAINTIFFS' COMPLAINT & DEMAND FOR JURY TRIAL</u>**

The Plaintiffs, TERRENCE & DONNA SCHWINGHAMMER ("Plaintiffs"), by and through the undersigned counsel, and hereby file this Complaint against Defendant, MONARCH NATIONAL INSURANCE COMPANY ("Defendant"), the assumed carrier for FedNat Insurance Company ("FedNat"), and as grounds therefore, state as follows:

**<u>GENERAL ALLEGATIONS</u>**
**<u>The parties</u>**

1.    The Plaintiffs are individuals who were and still are the owners of the property insured pursuant to a federal flood insurance policy which is the subject of the herein dispute.

2.    FedNat was a private insurance company qualified to do business in the state of Florida and participated in FEMA's "Write Your Own" ("WYO") program for issuance of federal flood insurance policies.

3.    FedNat issued a Standard Flood Insurance Policy ("SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs.

4.    FedNat declared insolvency on September 27, 2022.

5. The Defendant is the assumed carrier for FedNat, as reflected on the date of this filing on FedNat's website (https://www.fednat.com/), which reflects in pertinent part:




6. For all purposes material hereto, the Defendant as the assumed carrier is thus the material party-in-interest for FedNat, and stands in its shoes as the Defendant.

7. Upon information and belief, the Defendant now administers the FedNat policy in its capacity as FedNat's assignee.

## Jurisdiction and Venue

8. Jurisdiction herein arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, and federal common law, as well as this court's supplemental/pendent jurisdiction.

9. This action having arisen under an applicable federal statute, namely, 42 U.S.C. § 4072, it requires the application of federal law and federal jurisdiction is proper pursuant to 28 U.S.C. Section 1331.

10. The property insured pursuant to the SFIP which provides the basis for this action is located at 26429 Bay Road, Bonita Springs, FL 34134 ( "Insured Property"), which is situated

in the Middle District of Florida, Fort Myers Division, and venue is therefore proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

**Factual Allegations**

11. On or about March 16, 2022, FedNat issued the SFIP to the Plaintiffs in the form of Policy Number 87073938752022 with effective coverage dates of March 16, 2022 through March 16, 2023.

12. Pursuant to the SFIP, FedNat agreed to pay the Plaintiffs for any direct physical loss to the Insured Property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiffs incorporate by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by FedNat during the above-referenced time period.

13. On or about September 28, 2022, while the above-described SFIP was in full force and effect, the storm surge, floodwaters, and rain associated with Hurricane Ian directly caused the Insured Property to be inundated by water, resulting in a catastrophic loss to the Insured Property as well as the Plaintiffs' contents/personal property contained therein.

14. As a direct and proximate result of the flooding, the Plaintiffs suffered a direct physical loss to their Insured Property, and such loss is a covered risk pursuant to the SFIP.

15. On or about September 30, 2022, the Plaintiffs timely notified FedNat of their loss, and FedNat assigned the Plaintiffs claim number TC87073938752022220220928.

16. On or about October 4, 2022, FedNat's authorized agents inspected the Insured Property.

17. Notwithstanding having ample time to inspect the Insured Property, take photos, prepare both a report and estimate of the damages, FedNat failed to make a timely coverage determination and failed to adequately indemnify Plaintiffs for their loss.

18. In the time since FedNat's insolvency, the Defendant has also failed to make a timely coverage determination and failed to adequately indemnify Plaintiffs for their loss.

19. The Plaintiffs have incurred replacement costs for their flood-related losses and determined the amount to be $71,030.14 ("Loss"), as detailed in the related invoices, which are attached hereto and incorporated herein as **"Composite Exhibit A"** ("Invoices").

21. To date, the Plaintiffs have not received the appropriate funds that they are entitled to toward satisfying the amount of loss.

22. On or about September 21, 2023 and October 20, 2023, the Plaintiffs notified the Defendant in writing that they were in breach of the SFIP. Proof of that written notice is evidenced by the correspondence attached hereto and incorporated herein as **"Composite Exhibit B"** ("Notices"). The invoices incurred directly resulting from the damages from the flood were included within said notices.

23. Despite written demand for payment and ample documentation of the Loss, the Defendant has failed and refused to pay any sums necessary to repair the Insured Property and compensate the Plaintiffs for their Loss.

24. All conditions precedent to filing this action have been met or waived by the Defendant.

## COUNT I:
## ACTION FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201(a)

25. Plaintiffs reaver and reallege the General Allegations and all of their subparts from paragraphs 1-24 as if set forth fully herein.

26. An actual and justiciable controversy exits between the parties regarding the Defendant's obligations under the SFIP, and whether the Defendant owes additional money to Plaintiffs under the SFIP, and a declaratory judgment is necessary and appropriate to determine the rights and duties of the parties hereto pursuant to 28 U.S.C. § 2201(a).

## COUNT II:
## BREACH OF CONTRACT

27. Plaintiffs reaver and reallege the General Allegations and all of their subparts from paragraphs 1-24 as if set forth fully herein.

28. The SFIP affords coverage to the Plaintiffs as follows:

|  | Coverage | Deductible |
|---|---|---|
| Building | $250,000 | $5,000 |
| Contents | $0 | $0 |

29. As of the date of the filing of this action, both FedNat and the Defendant, taking over the Plaintiffs' claim thereafter, have failed to: (i) acknowledge all coverage for the Loss; or (ii) acknowledge that payment of insurance proceeds for the Loss will be forthcoming; or (iii) issued any payment of insurance proceeds for the Loss to the Plaintiffs.

30. By their failure to acknowledge or tender any amount to address the Loss, the Defendant has materially breached the SFIP.

31. The Defendant has failed to properly indemnify Plaintiffs for losses stemming from the Loss, in breach of the SFIP.

32. The Defendant has otherwise failed or refused to comply with the terms and provisions of the SFIP. As a result, the Defendant has breached the SFIP, a contract of insurance herein described.

33. The Plaintiffs have suffered and continue to suffer damages resulting from Defendant's breach of the SFIP, which is a written contract.

34. As a direct and proximate consequence of the Defendant's breach of the SFIP, the Plaintiffs have not been fully paid or compensated the Plaintiffs for damage stemming from the Loss.

35. As a direct and proximate consequence of the Defendant's breach of the SFIP, the Plaintiffs will incur attorney fees and costs to collect the correct amount due under the SFIP.

**WHEREFORE**, the Plaintiffs demand declaratory relief regarding the extent of the Defendant's respective obligations under the SFIP; judgment against the Defendant for an amount up to and including the coverage limits under the SFIP; any and all other amounts payable under the SFIP; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412; and, any such other further and appropriate relief to which the Plaintiffs may be entitled.

### DEMAND FOR JURY TRIAL

Plaintiffs further demand a trial by jury of all issues so triable as a matter of right.

Dated this 1st day of November, 2023.

Respectfully submitted,

**GED LAWYERS, LLP**
*Attorneys for the Plaintiffs*
7171 North Federal Highway
Boca Raton, FL 33487
Telephone: (561) 995-1966
Facsimile: (561) 241-0812
Primary Email: pdlitlaw@gedlawyers.com
Secondary Email:
bgoetsch@gedlawyers.com

BY:   */s/Scott M. Rosso*
       SCOTT M. ROSSO, ESQ.
       Florida Bar No.: 505757